## In re LOSH et al.
## KING v. STATE OF INDIANA.
### Nos. 5481, 5514.

Circuit Court of Appeals, Seventh Circuit.

Oct. 15, 1935.

Merrill W. Nichols, of Winchester, Ind., for appellant.

Philip Lutz, Jr., Atty. Gen. of Indiana, and James D. Sturgis and Urban C. Stover, Deputy Attys. Gen. (Merle Wall, of Indianapolis, Ind., of counsel), for the State of Indiana.

Before SPARKS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

On February 3, 1933, an involuntary petition in bankruptcy was filed against John F. and Virgil L. Losh, copartners doing business as Losh & Son, in the District Court of the Southern District of Indiana. Adjudication was had and Louis King, the appellant herein, was duly elected trustee in bankruptcy. Seasonably thereafter the state of Indiana filed its amended claim against the bankrupt estate alleging that said copartnership "is justly and truly indebted to state of Indiana in the sum of $4,733.92 with interest from January 25, 1933, at 6 per cent. per annum; that the consideration of said debt is as follows: Motor vehicle fuel tax collected by said bankrupt and held in trust for claimant under the Motor Vehicle Tax Law of Indiana, as shown by itemized statement attached hereto and made a part hereof. That the only securities held by said estate for said debt are the following: Said claim is a preferred claim against the assets of said bankrupt under the provisions of the Indiana Motor Vehicle Fuel Tax Law. * * *" It was stipulated that the claim of the state was correct as to amount and the referee overruled the trustee's objec-tions thereto and allowed the claim as a priority claim standing in the seventh order of priority under the provisions of section 64b of the Bankruptcy Act of 1898 as amended, 11 USCA § 104 (b). The order of the referee was affirmed by the District Court, and the trustee prosecutes this appeal.

Appellant contends that the judgment of the lower court is erroneous because: (1) The claim of the state of Indiana shows on its face that it is an attempt to follow a trust fund into the hands of the trustee, and against no other fund, and that no such funds have been traced into the hands of the trustee. (2) The order of the District Court is contrary to law. (3) The order is not supported by the evidence. (4) The order is not "supported by the issues in the cause and is outside the issues."

The pertinent sections of the statutes of Indiana and of the Bankruptcy Act are set forth in the margin.[1]

It will be seen that the state of Indiana imposes a "license fee" upon the consumer of gasoline and that the distributor is made a collecting agent for the state. Thus there can be no doubt but that the fund coming into the hands of Losh & Son, the bankrupt, became and was a trust fund for the benefit of the state. It is argued and conceded that there has been no tracing of such trust funds into the hands of the trustee in bankruptcy, consequently there can be no recovery by the state on any such theory. Having failed to

[1] Section 47-1501 Burns' Indiana Statutes 1933. "A license fee of four cents (4¢) per gallon, or fraction of a gallon, is hereby imposed on the use of all motor-vehicle fuel used in this state for any purpose whatsoever. The license fee hereby provided for, unless such fee shall have been previously paid, shall be collected by the dealer selling motor-vehicle fuel to purchasers who purchase for purposes other than resale, and shall be paid by the purchaser to the dealer and by such dealer to the auditor of state in the manner and within the time hereinafter specified. Any and all sums of money paid by the purchaser to the dealer, as motor-vehicle fuel license fees, shall be and remain public money, the property of the state of Indiana, and shall be held in trust by such dealer for the sole use and benefit of the state of Indiana until paid to the auditor of state as hereinafter provided."

Section 47-1504, Burns' Indiana Statutes 1933. "When a petition in voluntary or involuntary bankruptcy has been filed by or against any dealer, then and in all such cases, all license fees collected by such dealer under the provisions of this act and due and owing to the state, shall be considered and treated as preferred claims and the state shall be a preferred creditor and shall be paid in full."

Section 64b of the Bankruptcy Act (11 USCA § 104 (b). "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be * * * (7) debts owing to any person who by the laws of the States or the United States is entitled to priority: Provided, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States."

trace the trust funds, appellant contends that the bankruptcy court, being a court with equity powers, should deny the state any preference that might operate to the detriment of other creditors and should relegate the state to such other remedies as it might have including a supposed cause of action on a surety bond which appellant says the state had exacted from the bankrupt as a condition to it becoming a distributor.

The record does not disclose whether the state has such surety bond, and if it did this court would not be interested in speculating on the question of liability thereon. It does appear that the bankrupt has in some manner dissipated the fund it collected for the state and there can be no inequity in the allowance of such a claim to the state, and if it so happens that the Bankruptcy Act in co-ordination with the law of the state has given to the state a preference in the payment of such claim then the court cannot properly be concerned with the attendant result. The statute of Indiana has so declared a preference to the state, and the Bankruptcy Act, in plain language, accords a preference to any person (including a state) who by the laws of the state is entitled to priority. The conclusion is inescapable that the state may pursue the course here taken without regard to any question of tracing trust funds. In re Martin (C. C. A.) 75 F.(2d) 618. This result does no violence to the general principle that a litigant must exhaust his legal remedies before gaining recognition of a court of equity.

Appellant further contends that the judgment of the District Court is beyond the scope of the issues raised by the claim and avers that the claim is so limited as to permit a recovery only on the theory of tracing a trust fund. We think this not a proper construction of the language of the claim, for while the claim says that the bankrupt held the funds in trust, yet claimant avers that said claim is a preferred claim against the assets of said bankrupt under the provisions of the Indiana Motor Vehicle Fuel Tax Law. This allegation gave the trustee in bankruptcy ample notice of claimant's contention and the judgment of the lower court is well within the scope of the pleadings.

What we have already said disposes of the other assignments of error. We think the District Court properly held that the

state's claim was entitled to a priority of the seventh order.

The judgment is affirmed.